Filed 7/17/25  Marriage of Hunt CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of NICOLE and KEVIN HUNT. | 2d Civ. No. B340666 (Super. Ct. No. D406920) (Ventura County) |
| NICOLE HUNT,  Respondent,  v.  KEVIN ANTHONY HUNT,  Appellant. | |

Appellant Kevin Anthony Hunt appeals from the judgment dissolving his marriage to Nicole Hunt[1] and establishing child custody and visitation.  We affirm.

---

[1] We refer to the parties by first name to avoid confusion. No disrespect is intended.

FACTS AND PROCEDURAL HISTORY

Kevin and Nicole were married in July 2018 and have two minor children (born March 2019 and April 2022). In August 2022, Nicole filed for divorce.

On March 21, 2023, the trial court issued a three-year domestic violence restraining order protecting Nicole against Kevin.

The trial court held a two-day trial on August 29 and 30, 2024. On the first day of trial, the court presided over child custody and visitation issues. Both Kevin and Nicole testified. Tiffany Norton, a child custody recommending counselor, also testified. She recommended continuing the existing order for custody and visitation, which ordered sole custody of the two children to Nicole and supervised visitation for Kevin twice a week for two hours per visit. Her recommendation was based on her concerns regarding Kevin's history of violence, including his previous arrests for stalking and domestic violence, Nicole's statements that Kevin continued to stalk her, Kevin's prior conviction in 2010 for manslaughter of a former partner's two-year-old child, and a history of multiple restraining orders protecting others from Kevin. Norton was still concerned about Kevin's persistent violent behavior despite him completing a 52-week domestic violence prevention course. She recommended his visits continue to be supervised. The court adopted Norton's recommendation and found there was insufficient evidence to change the existing custody and visitation order.

On the second day of trial, the trial court presided over issues of child/spousal support, property, and attorney fees. The court granted the judgment of dissolution of marriage. The parties waived any rights over spousal support, and the court

2

ordered Kevin to pay child support each month.  As to property division, a residential appraiser, Ben Horowitz, testified regarding the estimated rental value of the Hunts' property.  At the conclusion of trial, the court reserved the issue of property for a future date, and issues regarding reimbursements under *Marriage of Watts* (1985) 171 Cal.App.3d 366 and *Marriage of Epstein* (1979) 24 Cal.3d 76.  The court reasoned there was not enough evidence at this stage to determine these issues and the Hunts' property needed to be sold first.  The court advised the parties to file a new request for order on a future date after the sale of their home and once all receipts and final calculations were completed.  The court also reserved the issue of the court-appointed receiver's fees and costs and attorney fees and costs.

DISCUSSION

*California Rules of Court, rule 8.204*[2]

Neither the appellant's briefs[3] nor the respondent's brief contain a single citation to the record in their statement of facts or procedural history, in violation of rule 8.204.  That rule requires briefs to provide a citation to the record for any factual or procedural statement.  (Rule 8.204(a)(1)(C); *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2.)  We may disregard factual assertions that are not supported by appropriate

---

[2] Further unspecified rule references are to the California Rules of Court.

[3] We acknowledge that appellant is a pro per litigant, but he is not exempt from following the rules of procedure.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

3

references to the record.  (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60.)

We nevertheless elect to reach the merits based upon our independent review of the record.  But we decline to award costs to the prevailing party in light of the noncompliant briefing and direct each party to bear their own costs on appeal.  (*City of Watsonville v. Corrigan* (2007) 149 Cal.App.4th 1542, 1545, fn. 1.)

*Appealability of the restraining order*

Kevin challenges the domestic violence restraining order issued on March 21, 2023.  Nicole contends the time to appeal the restraining order has expired and contends we lack jurisdiction to consider it.  We agree.

A domestic violence restraining order is a directly appealable order as an order granting an injunction.  (Code Civ. Proc., § 904.1, subd. (a)(6); *Molinaro v. Molinaro* (2019) 33 Cal.App.5th 824, 831, fn. 6.)  A notice of appeal from an appealable order must be filed on or before the earliest of 60 days after the superior court clerk or the other party serves a "Notice of Entry" of judgment or a filed-endorsed copy of the judgment, or 180 days after entry of judgment.  (Rule 8.104(a)(1)(A)–(C).)  If a notice of appeal is filed late, the reviewing court must dismiss the appeal.  (Rule 8.104(b).)

Here, Kevin did not timely appeal from the court's issuance of the March 21, 2023, restraining order.  His notice of appeal filed on September 10, 2024, indicates he is appealing from the judgment on August 30, 2024.  His notice of appeal was not filed within 180 days after entry of the restraining order, which is the latest date under rule 8.104(a)(1).  Furthermore, Kevin's contentions regarding the restraining order are not reviewable from an appeal of a subsequent judgment, and we have no

4

jurisdiction to review them. (See *McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 357; *Ventura Coastal, LLC v. Occupational Safety and Health Appeals Board* (2020) 58 Cal.App.5th 1, 36 ["if the notice of appeal is not actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss it"].)

Kevin also asserts that the trial court's November 25, 2024, final judgment after trial "consolidated" the restraining order as a part of the judgment. But the November 2024 judgment is not in the record on appeal. Kevin has the burden of providing an adequate record. The failure to provide an adequate record on an issue requires that the issue be resolved against him. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 (*Maria P.*).) We will not disturb the restraining order.

*Custody and visitation orders*

Kevin challenges the trial court's custody and visitation order, contending it was based on "unfounded allegations" and misapplication of the Family Code. We conclude otherwise.

In an initial custody determination, the trial court has wide discretion to choose a parenting plan that is in the " 'best interest of the child.' " (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 31; Fam. Code, § 3020[4].) In making that determination, the court considers factors including the child's health, safety, and welfare, any history of abuse by one parent against the child or other parent, and the nature and contact with the parents. (§ 3011.) We review a trial court's custody and visitation order for abuse of discretion. (*In re Marriage of Burgess*, at p. 32.) "The precise

---

[4] Further unspecified statutory references are to the Family Code.

measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child. We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked." (*Ibid.*)

The trial court did not abuse its discretion in making its custody and visitation order. The trial court adopted Norton's recommendation based on her testimony that she was concerned with Kevin's persistent violent behavior, including his history of domestic violence and stalking. Based on this testimony and the current domestic violence restraining order protecting Nicole against Kevin, the court did not abuse its discretion in concluding the existing custody and visitation order was in the best interest of the two minor children.

Kevin contends the trial court misapplied section 3044. But the record does not support his contention. Section 3044 provides that upon a finding that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody, there is a rebuttable presumption that an award of sole or joint custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child. (§ 3044, subd. (a).) To overcome the presumption, the trial court "shall find" that giving sole or joint custody of the child to the perpetrator is in the best interest of the child and shall consider other relevant factors such as whether "the perpetrator has successfully completed a batterer's treatment program," whether there is a protective order or restraining order, and whether there has been any further acts of domestic violence. (*Id.*, subd. (b).) Here, there was a domestic violence restraining order protecting Nicole against

6

Kevin at the time of the trial. At trial, the court acknowledged Kevin's completion of his treatment program and his progress in visitation, but the court ruled that the best interest of the children was to maintain the existing visitation and custody order. The court noted that the children were "flourishing" under the current visitation schedule and there was not "enough to change the arrangement" at that point in time. Kevin does not demonstrate the court abused its discretion in finding the presumption under section 3044 was not rebutted.

Kevin also contends the trial court erred in allowing evidence of a 15-year-old prior conviction for manslaughter.[5] We conclude there was no reversible error. Here, the court denied Kevin's motion in limine to exclude the prior conviction, because the evidence was relevant, as there were "all kinds of issues in this case with domestic violence allegations." But even if the court erred in admitting the prior conviction, Kevin does not show he was prejudiced by its admission. Mention of the prior conviction at trial was brief. And in light of the other evidence, including Kevin's history of domestic violence and stalking and the current restraining order against Kevin, there was no abuse of discretion in maintaining the existing custody and visitation order.[6]

---

[5] It is unclear in Kevin's briefs if he is contesting the admission of that evidence at the January 27, 2023, hearing or the August 2024 trial. To the extent he is challenging the admission at the January 2023 hearing, that hearing relates to the restraining order and is not reviewable in this appeal. (At pp. 4–5, *ante*.)

[6] The respondent's brief refers to the November 2024 statement of decision, but it is not contained in the appellate

Kevin also contends there were other various errors in admitting evidence, and he cites to select pages of the reporter's transcript where alleged rule violations occurred.  However, we presume the judgment is correct and the appellant has the burden to affirmatively show prejudicial error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105–106.)  Because Kevin does not show how any alleged evidentiary errors resulted in a miscarriage of justice, reversal is not required.  (Cal. Const., art. VI, § 13.)

*Issues regarding property division and receivership*

Kevin also contends the trial court erred in allowing Horowitz to testify about the property value of the home over his evidentiary objections.  However, the court reserved the issue of property division to a future date until after their home was sold.  The court specifically noted that at a future hearing, another judge can choose to rely on Horowitz's testimony and "may agree with counsel on those [evidentiary] objections."  Thus, Kevin's contention pertaining to property division is not ripe for this appeal.  (See *In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 402–403.)

Kevin contends that the court-appointed receiver, Jeffrey Stinnett, impartially and unlawfully imposed penalties on Kevin at a June 26, 2024, ex parte hearing.  We do not have the reporter's transcript of that hearing before us, and Kevin did not raise any issues regarding the receiver at trial.  Because Kevin has not carried his burden of providing an adequate record for us

---

record.  To the extent Kevin's claim of error is based on the November 2024 statement of decision, that issue is resolved against him.  (*Maria P.*, *supra*, 43 Cal.3d at pp. 1295–1296.)

to review his claim of error, we resolve the issue against him. (*Maria P.*, *supra*, 43 Cal.3d at pp. 1295–1296.)

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

9

Randy Rhodes, Judge

Superior Court County of Ventura

_____

Kevin Hunt, in pro. per., for Appellant.

Law Office of Brian Horan and Brian Horan for Respondent.